■ In the Matter of TERESA GREER et al., Appellants, v BRIAN J. WING, as Commissioner of New York State Office of Temporary and Disability Assistance, et al., Respondents. [705 NYS2d 570] —Order, Supreme Court, New York County (James Yates, J.), entered on or about October 16, 1998, which, insofar as appealed from, denied petitioners' application pursuant to CPLR article 86 to recover attorneys' fees for services rendered in an underlying administrative proceeding that preceded a CPLR article 78 adjudication in petitioners' favor, unanimously affirmed, without costs.

Upon the City respondent's denial of foster care benefits, petitioners requested a fair hearing before the State respondent, which affirmed the City's denial. This appeal involves petitioners' right to recover for their attorneys' services rendered in the administrative proceedings that preceded the institution of their ensuing successful CPLR article 78 proceeding (*Matter of Greer v Bane*, 158 Misc 2d 486). No issues on ap-

peal are raised concerning petitioners' right to recover their attorneys' fees for services rendered in either the article 78 proceeding itself or in the administrative proceedings on remand that were the result of the article 78 proceeding.

In accordance with the views expressed in the dissenting opinion in *Matter of Perez v New York State Dept. of Labor* (259 AD2d 161, 165-166 [3d Dept]), we hold that petitioners are not entitled to recover their attorneys' fees for the services that were rendered in the administrative proceedings that preceded the institution of their article 78 proceeding. While article 86 was enacted to create a mechanism authorizing recovery of attorneys' fees and other reasonable expenses similar to the provisions of Federal law contained in 28 USC § 2412 (d) (CPLR 8600), overall the two statutory schemes, Federal and State, are quite different. In particular, the Federal scheme includes 5 USC § 504, which directs an agency to pay fees and other expenses, including attorneys' fees, to the prevailing party in an "adversary adjudication". That provision has no counterpart in CPLR article 86. Indeed, the legislative history of CPLR 8600 shows that as originally enacted (L 1989, ch 770), it did refer to 5 USC § 504, but that the reference was a mistake, and that the statute was accordingly promptly amended (L 1990, ch 73) so as to delete that reference and substitute therefor the present reference to 28 USC § 2412 (d), which is similar in language to CPLR 8601 (*see*, Historical and Statutory Notes, McKinney's Cons Laws of NY, Book 7B, CPLR 8600, 1999-2000 Interim Pocket Part, at 72; Mem of Sen. McHugh, 1990 NY Legis Ann, at 36; Governor's Approval Mem, *id.*, at 37).

Accordingly, the portion of CPLR 8602 (b) that defines "fees and other expenses" as including fees for work "incurred in connection with an administrative proceeding" should be construed to mean only such administrative proceedings as are conducted subsequent to and as a result of any "action" within the meaning of CPLR 8602 (a), such as the remand to the State respondent for a second fair hearing that was directed in this "action." This construction gives effect to both subdivisions (a) and (b) of CPLR 8602 and renders them internally compatible (*see*, *Matter of Aaron J.*, 80 NY2d 402, 407). Concur—Sullivan, P. J., Nardelli, Ellerin, Wallach and Andrias, JJ.