OPINION OF THE COURT
Chief Judge Kaye.
Petitioners — Teresa and Cynthia Greer, and Sandra Greer Smith — are sisters who care for the four minor children of another sister, Rhonda Greer. After Rhonda Greer abandoned three of the children, they were removed from her home in late 1985 by the New York City Human Resources Administration’s Child Welfare Administration (now the Administration for Children’s Services, or ACS) and, in 1986, were placed with Teresa and Cynthia Greer. In 1991, Rhonda gave birth to, and abandoned, a fourth child, who was then placed with Sandra Greer Smith. Commencing in 1986, petitioners Teresa and Cynthia Greer repeatedly, but unsuccessfully, requested foster care benefits from ACS. In 1991, all three petitioners requested fair hearings from the New York State Department of Social Services to challenge ACS’s denial of benefits, and the requests were consolidated. In a decision after fair hearing, the State confirmed the denial of benefits on the ground that petitioners took in their sister’s children as an alternative to foster care, rendering them ineligible for benefits.
After petitioners commenced a CPLR article 78 proceeding challenging the denial of benefits, Supreme Court vacated the fair hearing decision and ordered a new hearing (Matter of Greer v Bane, 158 Misc 2d 486). The court ordered retroactive foster care payments unless ACS could show that petitioners were not fit foster parents, and that the children — prior to petitioners’ custody of them — were not endangered in their mother’s care. On remand, the State issued a decision awarding petitioners retroactive foster care payments.[1] Petitioners then moved, pursuant to CPLR article 86 — the Equal Access to Justice Act — for an award of attorneys’ fees. Supreme Court rejected the request for legal fees related to the initial administrative proceeding, and limited the award to work performed on the article 78 litigation and subsequent administrative hearing. The Appellate Division affirmed, as do we.
*679 In 1989, New York enacted the State Equal Access to Justice Act (EAJA) “to create a mechanism authorizing the recovery of counsel fees and other reasonable expenses in certain actions against the state of New York” (CPLR 8600). As adopted in 1989, the EAJA provided that the law was intended to be “similar to the provisions of federal law contained in 5 U.S.C. § 504 and the significant body of case law that has evolved thereunder” (L 1989, ch 770, § 1). Section 504 permits a prevailing party in an adversary adjudication to obtain an award of fees and expenses from the administrative agency conducting the adjudication (5 USC § 504 [a] [1]).
One year after adopting the EAJA, the New York Legislature amended CPLR 8600 by deleting reference to 5 USC § 504 and substituting reference to 28 USC § 2412 (L 1990, ch 73, § 1). Section 2412 provides for fees to a prevailing party
“incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust” (28 USC § 2412 [d] [1] [A]).
To this day, CPLR 8600 provides that the New York EAJA is intended to be “similar to the provisions of federal law contained in 28 U.S.C. § 2412 (d) and the significant body of case law that has evolved thereunder.”
Like 28 USC § 2412 (d) (1) (A) — the Federal.counterpart— section 8601 (a) of the EAJA states that fees and other expenses may be awarded in favor of a prevailing party “in any civil action brought against the state, unless the court finds that the position of the state was substantially justified.” An “action” is, according to the statute, “any civil action or proceeding brought to seek judicial review of an action of the state” (CPLR 8602 [a]). Fees and expenses are delimited as “the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, consultation with experts, and like expenses, and reasonable attorney fees, including fees for work performed by law students or paralegals under the supervision of an attorney incurred in connection with an administrative proceeding and judicial action” (CPLR 8602 [b]).
Petitioners contend that the language of section 8602 (b) clearly and unambiguously allows for an award of attorneys’ *680 fees for work performed in connection with an administrative proceeding that predates a civil action. Specifically, petitioners urge that section 8601 (a) allows an award when a civil action is brought, and once that threshold has been met section 8602 (b) defines the scope of fees and expenses that may be awarded, which includes administrative proceedings predating article 78 review.
We read the statute differently. Section 8601 (a) limits the award of fees and expenses to those incurred “in any civil action brought against the state” (emphasis added). As noted, an action is specifically defined as “any civil action or proceeding brought to seek judicial review of an action of the state” (CPLR 8602 [a]). Thus, an award of attorneys’ fees and other allowable expenses to a prevailing party first requires a civil action, and does not encompass administrative proceedings that precede a civil action.[2]
Any doubt as to the scope of the statute is dispelled upon proper examination of its history. In 1989, immediately after the bill’s passage by the Legislature but before requisite gubernatorial approval, the Governor sought clarification regarding the reference to 5 USC § 504. The bill’s Assembly sponsor, Robin Schimminger, wrote that the more appropriate reference would be to 28 USC § 2412 (d):
“the term ‘administrative proceeding’ contained in the definition of permissible fees (CPLR 8602 (b)) was intended to include only those administrative proceedings that occur as a result of the EAJA litigation, including hearings on remand, not the administrative proceedings that may precede a judicial action. This comports with the federal case law construing 28 USC 2412 (d)” (Letter of Assemblymember Robin Schimminger, Bill Jacket, L 1989, ch 770, at 8-9 [emphasis in original]).
Senatorial sponsor John M. McHugh confirmed that Assembly-member Schimminger’s letter “accurately reflect [ed] the agreements which were reached with regard to the applicability and effect of the legislation” (Letter of Senator John M. McHugh, Bill Jacket, L 1989, ch 770, at 7). Despite reference to 5 USC § 504 in the bill, the Governor’s Approval Memorandum made clear that
*681 “the administrative proceedings for which fees may be awarded are only those that occur as a result of a court action, not those that lead to an action under the provisions of this bill” (Governor’s Approval Mem, Bill Jacket, L 1989, ch 770, reprinted in 1989 McKinney’s Session Laws of NY, at 2437).
Petitioners urge that such post-enactment statements are inconsequential as to a law’s meaning and “should not be taken seriously” (see, Sullivan v Finkelstein, 496 US 617, 632 [Scalia, J., concurring in part]). That the sponsors’ letters postdate the 1989 legislative action initially taken is irrelevant here. The statute we apply today actually references 28 USC § 2412 (d), not 5 USC § 504. As the Governor explained in his Approval Memorandum, the amendment — which substituted 28 USC § 2412 (d) for 5 USC § 504 — “corrects certain technical errors” and “supports all of the interpretive clarifications outlined in the 1989 Approval Memorandum for that chapter * * * and the letters from the sponsors of the bill to my Counsel” (Governor’s Approval Mem, Bill Jacket, L 1990, ch 73, reprinted in 1990 McKinney’s Session Laws of NY, at 2699).
Finally, we harmonize section 8602 (b)’s reference to fees “incurred in connection with an administrative proceeding and judicial action” with our conclusion that such fees may not be awarded for administrative proceedings commenced before judicial action.
As the Legislature directed, in reaching this conclusion we are guided by 28 USC § 2412 and case law interpreting that statute. In Sullivan v Hudson (490 US 877), the United States Supreme Court recognized that proceedings on remand from judicial action are an integral part of the civil action. The Court reasoned that, where proceedings on remand are required, a claimant could not achieve “prevailing party” status within the meaning of 28 USC § 2412 without successful completion of those proceedings. Thus, to deny a claimant an award for proceedings on remand would be the equivalent of attributing to Congress an intent to throw the “claimant a lifeline that it knew was a foot short” (id., at 890). The Court rejected such a skewed interpretation of legislative intent, as do we. By parity of reasoning, section 8602 (b) allows for an award of fees for administrative proceedings on remand from judicial action.
Accordingly, the order of the Appellate Division should be affirmed and the certified question answered in the affirmative, without costs.
*682 Judges Smith, Levine, Ciparick, Wesley and Rosenblatt concur; Judge Graffeo taking no part.
Order affirmed, etc.

. In October of 1992, during the pendency of these proceedings, petitioners were certified as foster parents and began receiving timely, but not retroactive, foster care benefits (see, Matter of Greer v Bane, 158 Misc 2d, at 490).

. Matter of Perez v New York State Dept. of Labor (259 AD2d 161), which reached the contrary conclusion, should not be followed.