■ In the Matter of DOROTHY DICENT, Appellant, v BRIAN J. WING et al., Respondents. [724 NYS2d 595] —Order and judgment (one paper), Supreme Court, New York County (Michael Stallman, J.), entered February 28, 2000, which to the extent appealed from as limited by the briefs, denied and dismissed petitioner's application for attorney's fees, unanimously reversed, on the law and the facts, without costs, the application pursuant to CPLR article 86 granted, and the matter remanded for further proceedings to determine the appropriate fee.

Pursuant to CPLR article 86, the State "Equal Access to Justice Act," a court "shall award to a prevailing party, other than the state, fees and other expenses incurred by such party in any civil action brought against the state, unless the court finds that the position of the state was substantially justified or that special circumstances make an award unjust" (CPLR 8601 [a]). Here, contrary to the IAS court's determination, petitioner was the prevailing party in this action and, thus, was entitled to an award of attorney's fees (*Matter of New York State Clinical Lab. Assn. v Kaladjian,* 85 NY2d 346, 355). The record reveals that the original goal of this proceeding was enforcement of the decision of respondent Commissioner of the Office of Temporary and Disability Assistance of the New York State Department of Family Assistance (hereinafter State Agency) that ordered respondent Commissioner of the New York City Department of Social Services (hereinafter City) to supply documentation of the interim assistance. The accounting was the *sine qua non* of the lawsuit, not the refund of surplus monies. Petitioner obtained substantial relief and succeeded in her goal when the City provided the accounting in its response to the petition.

Further, the record lacks any evidence that the State Agency was substantially justified in its failure to oversee and enforce compliance with the decision. The State Agency has failed to demonstrate that there is any reasonable basis in law or fact for its inordinate delay in addressing petitioner's claim (*Matter of New York State Clinical Lab. Assn. v Kaladjian, supra* at 356).

Accordingly, the application for attorney's fees pursuant to CPLR article 86 must be granted and the matter remanded for further proceedings to determine the appropriate amount of the fees (*see, Matter of Greer v Wing,* 95 NY2d 676, *affg* 271 AD2d 240). Concur—Rosenberger, J. P., Ellerin, Wallach, Lerner and Rubin, JJ.