Scudder, EJ. (dissenting).
We respectfully dissent. In our view, plaintiff and her former attorney, appellant Emmelyn Logan-Baldwin, are not entitled to seek attorneys’ fees and expenses pursuant to the New York State Equal Access to Justice Act (EAJA) (CPLR art 86), and we would therefore affirm the order denying the motions of plaintiff and Logan-Baldwin seeking, inter alia, that relief. Although we recognize that, under the unique circumstances of this case, an award of attorneys’ fees and expenses may be an equitable result, we nevertheless *199 conclude that, in drafting the EAJA, the Legislature intended that attorneys’ fees and expenses be sought only in civil actions that involve the review of the actions of the State that are administrative in nature (see generally Matter of Greer v Wing, 95 NY2d 676 [2001]; Matter of Scott v Coleman, 20 AD3d 631 [2005], lv dismissed 5 NY3d 880 [2005]). Indeed, the Court of Appeals stated that “[t]he Legislature enacted the [EAJA] to help litigants secure legal assistance to contest wrongful actions of state agencies” (Matter of Wittlinger v Wing, 99 NY2d 425, 431, citing Governor’s Mem approving L 1989, ch 770, 1989 McKinney’s Session Laws of NY, at 2436). Our research has revealed more than 70 cases in which the EAJA was applied to award attorneys’ fees in cases that involved administrative actions of the State, and none that did not.
We agree with the majority that we must “turn first to the plain language of the statute[ ] as the best evidence of legislative intent” (Matter of Malta Town Ctr. I, Ltd. v Town of Malta Bd. of Assessment Review, 3 NY3d 563, 568 [2004]). We nevertheless respectfully disagree with the majority’s conclusion that the Legislature intended to permit a prevailing party in a sex discrimination action against the State to seek attorneys’ fees and expenses. “Legislative intent may be discerned from the face of a statute, but an apparent lack of ambiguity is rarely, if ever, conclusive . . . Generally, inquiry must be made of the spirit and purpose of the legislation, which requires examination of the statutory context of the provision as well as its legislative history” (Matter of Sutka v Conners, 73 NY2d 395, 403 [1989]). In our view, when construing the EAJA as a whole (see McKinney’s Cons Laws of NY, Book 1, Státutes § 97), the “spirit and purpose of the legislation” (Matter of Sutka, 73 NY2d at 403), as gleaned from the statutory context and the legislative history, is to provide redress for litigants contesting the actions of the State in administrative matters (see Witt-linger, 99 NY2d at 431).
CPLR 8601 (a) provides that
“a court shall award to a prevailing party . . . fees and other expenses incurred by such party in any civil action brought against the state, unless the court finds that the position of the state was substantially justified or that special circumstances make an award unjust. Whether the position of the state was substantially justified shall be determined solely on the basis of the record before the agency or official *200 whose act, acts, or failure to act gave rise to the civil action” (emphasis added).
CPLR 8602 (e) defines the “position of the state” as “the act, acts or failure to act from which judicial review is sought” (emphasis added). CPLR 8602 (b) defines “fees and other expenses” as, inter alia, the “reasonable attorney fees . . . incurred in connection with an administrative proceeding and judicial action” (emphasis added). We note that the Court of Appeals clarified that the fees for administrative proceedings are available only with respect to those proceedings that follow the civil action and not those that preceded it (see Greer, 95 NY2d at 681).
As the majority correctly notes, the EAJA was originally intended to be an amendment to the State Administrative Procedure Act; however, it was subsequently codified as CPLR article 86 in 1989. Although Governor Carey and Governor Cuomo both noted the misnomer of the title in their respective vetoes of proposed legislation in 1982, 1983 and 1984 (see Governor’s Veto Message, 1984 NY Senate Bill S9054-B, Veto Jacket, Veto 26 of 1984, at 14; Governor’s Veto Message, 1983 NY Senate Bill S434-A, Veto Jacket, Veto 71 of 1983, at 90; Governor’s Veto Message, at 2, 1982 NY Assembly Bill A11940-A, Veto Jacket, Veto 273 of 1982), the substantive objections of both Governor Carey in 1982 and Governor Cuomo in 1983, 1984 and 1986 were not related to the misnomer. Rather, their objections were that the EAJA would have an inhibitory effect on agencies in the performance of their statutory responsibilities (see Governor’s Veto Message, 1986 NY Senate Bill S8567-A, Veto Jacket, Veto 26 of 1986, at 71; Governor’s Veto Message, 1984 NY Senate Bill S9054-B, Veto Jacket, Veto 26 of 1984, at 14; Governor’s Veto Message, 1983 NY Senate Bill S434-A, Veto Jacket, Veto 71 of 1983, at 90; Governor’s Veto Message, at 2, 1982 NY Assembly Bill A11940-A, Veto Jacket, Veto 273 of 1982); would shift to taxpayers the litigation costs of certain businesses; and would create a presumption that agencies and their employees were acting in an irresponsible fashion (see Governor’s Veto Message, 1986 NY Senate Bill S8567-A, Veto Jacket, Veto 26 of 1986, at 71; Governor’s Veto Message, 1984 NY Senate Bill S9054-B, Veto Jacket, Veto 26 of 1984, at 14; Governor’s Veto Message, 1983 NY Senate Bill S434-A, Veto Jacket, Veto 71 of 1983, at 90).
One of the sponsors of the 1989 bill, Assemblyman Robin Schimminger, advised Governor Cuomo that the bill “would *201 protect private litigants with limited resources from unjustified State agency actions,” explaining that
“[s]mall business owners and public interest groups have called for this proposal to protect such parties from unfair agency enforcement actions . . . Too often, people have no choice but to concede to an action taken against them by a State agency . . . because of the prohibitive cost of contesting such actions . . . [The EAJA] would place the State and these litigants on more equal footing” (Letter from Sponsor, Bill Jacket, L 1989, ch 770, at 6).
In approving the version of the bill submitted in 1989, Governor Cuomo stated:
“[T]he [EAJA] will add a new [a]rticle 86 to the [CPLR] to authorize a court to award attorneys’ fees to certain plaintiffs or petitioners who prevail in litigation reviewing State agency áction or inaction when the State’s position in the case is not substantially justified . . .
“I believe that a program of providing recompense for the cost of correcting official error is highly desirable as long as it is limited to helping those who need assistance, it does not deter State agencies from pursuing legitimate goals and it contains adequate restraints on the amount of fees awarded. It is a worthwhile experiment in improving access to justice for individuals and businesses who may not have the resources to sustain a long legal battle against an agency that is acting without justification” (Governor’s Approval Mem, Bill Jacket, L 1989, ch 770, at 20).
In our view, the statutory context and the legislative history compel a conclusion that the Legislature intended that the EAJA would be utilized to seek attorneys’ fees and expenses in an action that involved review of an administrative action of the State, and that is not the case here. We must “apply the will of the Legislature [and] not [our] own perception of what might be equitable” (Matter of Sutka, 73 NY2d at 403). Accordingly, we would affirm the order.
Green and Gorski, JJ., concur with Peradotto, J.; Scudder, EJ., and Garni, J., dissent in a separate opinion by Scudder, EJ.
It is hereby ordered that the order insofar as appealed from is reversed, on the law, without costs, the motions of defendants *202 are denied in part, defendants are directed to produce only those documents pertaining to them, and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the opinion by Peradotto, J.