Scott A. Stroh and Kerstin B. Olsson, Respondents, v
against
East Rockaway Public Schools, Appellant. Appellate Term Docket No. 2015-1836 N C Lower Court # SC 1382-2014 Frazer & Feldman, LLP, Brendan B. Barnes, Esq., for appellant. Scott A. Stroh & Kerstin B. Olsson, respondents pro se (no brief filed).



Appeal from a judgment of the District Court of Nassau County, First District (Robert E. Pipia, J.), entered February 25, 2015. The judgment, after a nonjury trial, awarded plaintiffs the principal sum of $2,725.




ORDERED that the judgment is reversed, without costs, and the action is dismissed.
In this small claims action, plaintiffs seek to be reimbursed for attorney's fees they incurred in favorably resolving a dispute involving their children's eligibility to attend defendant's school, following defendant's allegation that the children resided outside its school district. 
At a nonjury trial, plaintiff Scott A. Stroh testified that, in 2014 and on two occasions prior thereto, defendant had sought to exclude his children from its school; that, following a 2014 meeting, where defendant's representative advised plaintiffs to obtain legal representation, they had retained counsel to assist them in opposing defendant's attempt to exclude their children; and that, after their attorney had assembled and submitted to defendant documentation establishing the residency of the children within defendant's school district, defendant had ceased its efforts to exclude the children from its school. Plaintiffs' attorney's bill, which indicated that plaintiffs had paid the sum of $2,725, was admitted into evidence. Defendant's superintendent, Lisa Ruiz, testified that defendant's suspicions about the residency of plaintiffs' children had been triggered by statements the children had made, and that defendant had hired private investigators, who had gathered information that had bolstered defendant's suspicions. The information provided by plaintiffs' attorney, however, had been adequate to establish the residency of plaintiffs' children within defendant's school district. Following the trial, the District Court awarded plaintiffs judgment in the principal sum of $2,725.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Generally, there is no cause of action for an attorney's fee, absent a statutory or contractual basis for such an award (see R.J. Hyland, Inc. v Love Family Sports, LLC, 102 AD3d 939, 944 [2013]; Neighborhood Hous. Servs. of NY City, Inc. v Hawkins, 97 AD3d 554 [2012]; see also Matter of A.G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 2 [*2][1986]). Plaintiffs failed to suggest any such statutory basis for the recovery they sought; nor was there a contractual basis for them to recover legal fees. We note that the Equal Access to Justice Act (CPLR 8601-8605) does not provide a basis for any award to plaintiffs under the circumstances presented (see Matter of Greer v Wing, 95 NY2d 676, 679 [2001]). 
As there was no basis for the award of attorney's fees to plaintiffs, we conclude that the judgment failed to render substantial justice between the parties according to the rules and principles of substantive law (see UDCA 1804, 1807).
Accordingly, the judgment is reversed and the action is dismissed.
Marano, P.J., Tolbert and Brands, JJ., concur.
Paul Kenny
Chief Clerk
Decision Date: March 29, 2017