**Genevieve MINOR, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**[1]

**No. CIV–84–1242E.**

United States District Court, W.D. New York.

Oct. 8, 1986.

---

1. The designation of the defendant has been changed pursuant to 28 U.S.C. § 25(d).

William W. Berry, Buffalo, N.Y., for plaintiff.

Roger P. Williams, U.S. Atty., Buffalo, N.Y., for defendant.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

The plaintiff originally brought this action before the Court pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1395ff(b) seeking judicial review of a final decision of the Secretary of the Department of Health and Human Services ("the Secretary") denying Medicare Hospital Insurance benefits on behalf of her husband, who now is deceased. The defendant, upon information that the cassette tape of the plaintiff's hearing before the Administrative Law Judge could not be located, moved to remand the case to the Secretary, pursuant to sections 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3). The purpose of the remand was to enable the Secretary to conduct a *de novo* hearing to reconstruct the record for judicial review. The plaintiff filed a cross-motion for denial of the motion to remand or, in the alternative, for the imposition of conditions on the remand. Those conditions were, first, that the new hearing be held within thirty (30) days and, second, that the defendant pay the Medicare benefits at issue pending the final determination of the appeal. This Court remanded the case to the Secretary for a *de novo* hearing with the condition that the new hearing be held within thirty (30) days from the entry of the order of remand.

The plaintiff now brings this motion for the award of attorney's fees and costs. Relief has been requested for three items: (1) $400 for attorney's fees for the rehearing; (2) $200 for the cost of acquiring a second physician's report, necessary for the rehearing; and (3) $300 for attorney's fees for the preparation and hearing on the cross-motion opposing the remand.

■ The plaintiff requests the first two items be awarded as a sanction against the defendant for losing the tape of the administrative hearing. While this Court may deplore the carelessness or inefficiency of the Secretary in this matter there is no basis in law for the remedy requested. These expenses were incurred in connection with the rehearing conducted by the administrative body. The Equal Access to Justice Act ("the EAJA"), 28 U.S.C. § 2412(d), provides neither for the awarding of compensation for legal services performed at the administrative level nor for the imposition of sanctions in the event of administrative error. The case law cannot support this attempt to impose sanctions on the Department of Health and Human Services in this instance. For example, there has been no breach of the requirements of the Federal Rules of Civil Procedure that would justify the imposition of sanctions against the defendant. *See Morton v. Heckler,* 586 F.Supp. 110, 113 (W.D.N.Y. 1984).

■ The Secretary bears the procedural burden to provide the transcript of the administrative record as part of the answer. 42 U.S.C. § 405(g). In this case, the Secretary, upon notice of the missing tape, moved to remand to the administrative body so that the record could be reconstructed and his procedural burden met. This response was reasonable and was executed in timely fashion. There has been no failure to comply with court procedures or court orders. There is, therefore, no basis on which to impose sanctions. *See Giampaoli v. Califano,* 628 F.2d 1190 (9th Cir. 1980).

The plaintiff's third request is for $300 for attorney's fees incurred in the preparation for and appearance at the hearing in this Court opposing the motion for remand. The plaintiff requests this relief pursuant to the EAJA which provides, in its relevant part, 28 U.S.C. § 2412(d)(1)(A):

"Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United

States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

█ The designation of one as a "prevailing party" is not limited to the "victor after entry of a final judgment following a full trial on the merits." 1980 U.S.Code Cong. & Ad.News 4953, 4990. However, in this circuit it is held that one is not a prevailing party unless there has been some favorable determination on the merits. *McGill v. Secretary of Health & Human Services*, 712 F.2d 28 (2d Cir.1983), *cert. denied*, 465 U.S. 1068, 104 S.Ct. 1420, 79 L.Ed.2d 745 (1984). Though a party does not have to have been awarded the ultimate relief sought to be considered the "prevailing party", "fee awards are appropriate only where 'a party * * * has established his entitlement to some relief on the merits of his claims.'" *Id.* at 31, (quoting from *Hanrahan v. Hampton*, 446 U.S. 754, 756–757, 100 S.Ct. 1987, 1988–1989, 64 L.Ed.2d 670 (1980) (per curiam)).

█ In the instant case, the plaintiff was seeking an award of Medicare benefits. No determination on the merits of this claim was made by this Court when the remand was ordered—or thereafter pursuant to the remand. The issuance of the remand was solely for the purpose of reconstructing the administrative record. The imposition of the plaintiff's requested condition upon the remand—that· the *de novo* hearing be held within thirty (30) days—cannot be construed as a "determination on the merits" or even as an "interim order which was central to the case." *See Parker v. Matthews*, 411 F.Supp. 1059 (D.D.C.1976). Therefore, the plaintiff cannot be considered a "prevailing party" and the request for attorney's fees must fail.

For the foregoing reasons, plaintiff's motion for attorney's fees and costs is hereby ORDERED denied without prejudice.