*969 OPINION OF THE COURT
Andrew W. Ryan, Jr., J.
This is a CPLR article 78 proceeding wherein petitioner seeks the reversal of a decision of the Beekmantown Code Enforcement Officer, respondent Allan Corron (hereinafter Code Enforcement Officer), denying the petitioner a building permit and certificate of occupancy, which decision was affirmed on appeal by the New York State Uniform Code Board of Review (hereinafter Board of Review), and an order directing said Code Enforcement Officer to issue him a building permit and a certificate of occupancy.
Petitioner, in the summer of 1990, without obtaining a building permit required by the Building Code of the Town of Beekmantown, moved two mobile homes onto a lot owned by him. He joined the two homes together by cutting a 13-foot-wide opening in the sidewalls of each home and constructing a doorway between them.
Upon the advice of the respondent Code Enforcement Officer, petitioner thereafter applied for a building permit which was denied by respondent Corron in writing on February 26, 1991, using the following language: "Not in conformance with Town of Beekmantown Local Law #1 of the year 1987— Administration and Enforcement of New York State Fire and Building Code Part 1220 Article 3 Section 1221.1”. Section 1221.1 provides as follows: "Construction Standards. Mobile homes shall be constructed in accordance with regulations set forth in the Code of Federal Regulations (CFR), Title 24, Housing and Urban Development, Chapter XX, Office of Assistant Secretary for Housing — Federal Housing Commissioner, Department of Housing and Urban Development, Part 3280, Manufactured Mobile Home Construction and Safety Standards.” (9 NYCRR 1221.1.)
Petitioner appealed this decision to the respondent Board of Review. The respondent Code Enforcement Officer in a letter to the respondent Board elucidated his reasons for the denial of the permit, in essence, that the mobile homes had no H.U.D. seal, and consequently had to be classified as new buildings under subchapter B of the State Uniform Fire Prevention and Building Code (new construction), which standards they could not meet.
The written decision of the State Board recites as findings of fact the following:
"1. The two mobile homes that have been relocated and *970 joined lengthwise are pre 1976 and do not bear a seal issued by H.U.D.
"2. These mobile homes do not fall into the strict definition of the present Uniform Code as it pertains to mobile homes, and therefore must be regarded as an A1 residential occupancy.”
They therefore concluded that the Code Enforcement Officer properly applied the Code and affirmed his findings that the mobile home be classified as A1 (single family) occupancy subject to subchapter B of the Code.
It is clear from the transcript of the proceedings before the Board, at page 32, line 21 through page 33, line 7, that the basis for the Code Enforcement Officer’s denial of the permit and the affirmance by the State Board was the application of section 1231.2 of the Building Code Regulations to these mobile homes. 9 NYCRR 1231.2 is entitled Relocations and reads as follows: "The provision of subchapter B of this code shall apply to existing buildings as if hereafter erected, where a building is physically relocated. Existing mobile homes shall be exempted from this requirement. ” (Emphasis added.)
It is also clear from the record that the logic applied by the respondent Code Enforcement Officer, and subsequently the respondent Board, is that since the trailers did not have a H.U.D. seal, they did not meet the definition of mobile home as defined in 9 NYCRR 606.3 (129), and therefore were not exempt as emphasized above. Chapter 707 of the Laws of 1981 provided for a State Uniform Fire Prevention and Building Code, preempting local codes. (Executive Law, art 18, §§ 370-383.)
Chapter 707 created the State Fire Prevention and Building Code Council and charged them with the duty of creating the Code to be effective January 1, 1984 and for administering the same in conjunction with local governments. The Code thus developed is found in 9 NYCRR parts 600-1400. Local governments adopted the Code by local laws and are charged with the enforcement.
9 NYCRR 606.3 sets forth definitions applicable in the Code. Section 606.3 (129) defines mobile homes as follows: "[m]anufactured housing bearing a seal issued by the Federal Department of Housing and Urban Development”.
The State Council exceeded its authority in adopting the definition in 9 NYCRR 606.3 (129).
*971 The law creating the State Council sets forth the definitions of a mobile home. Executive Law § 372 reads as follows:
"Definitions
"As used in this article, the following terms shall have the meaning ascribed to them, unless the context otherwise requires”.
Section 372 (15) defines mobile homes in the following language: " 'Mobile home’ means a movable or portable unit designed and constructed to be towed on its own chassis, comprised of frame and wheels, connected to utilities, and designed and constructed without a permanent foundation for year-round living. A unit may contain parts that may be folded, collapsed or telescoped when being towed and expanded later to provide additional cubic capacity as well as two or more separately towable components designed to be joined into one integral unit capable of being again separated into components for repeated towing. 'Mobile home’ shall mean units designed to be used exclusively for residential purposes, excluding travel trailers”.
The State Council’s definition in the Code is in effect an amendment of and inconsistent with the legislation creating it, a power not granted to it by the Legislature. (Matter of McNulty v New York State Tax Commn., 70 NY2d 788.)
It should further be noted that 9 NYCRR subtitle S, chapter I, subchapter D, article 3 entitled "Mobile Homes” sets forth construction standards as required by 24 CFR part 3280 (Manufactured Mobile Home Construction and Safety Standards). Chapter 70 of 42 USC pertaining to Public Health and Welfare enacted by Public Law 93-383, title VI, established Federal Construction and Safety Standards for Manufactured Homes (the title of ch 70) which includes mobile homes. (42 USC § 5402 [6].) The standards were effective February 18, 1975. The Federal law preempted the State from regulating the manufacturer of mobile homes under 42 USC § 5403 (d) entitled "Supremacy of Federal standards”.
42 USC § 5409 (a) (1) prohibits the "offer for sale or lease * * * in the United States, any manufactured home which is manufactured on or after the effective date of any applicable Federal manufactured home construction and safety Standard under this title * * * and which does not comply with such standard, except as provided in subsection (b) [of this section]”. Subdivision (b) (1) provides that "Paragraph (1) of subsection (a) [of this section] shall not apply to the sale, the offer for *972 sale, or the introduction or delivery for introduction in interstate commerce of any manufactured home after the first purchase of it in good faith for purposes other than resale.”
This language exempts the sale of mobile homes manufactured before the Federal regulations from the Federal standards thereafter adopted.
The subject mobile homes being manufactured prior to 1976 are exempt from the Federal standards and consequently are not in violation of 9 NYCRR part 1221.
The subject mobile homes meet the definition of mobile homes set forth in section 372 (15) of the Executive Law and qualify for the exemption for mobile homes set forth in 9 NYCRR 1231.2 upon relocation.
The decision of the State Board of Review is reversed.
The petitioner requests this court to order the issuance of a building permit and a certificate of occupancy. The court cannot order the issuance of a certificate of occupancy.
Plaintiff has joined two mobile homes together, requiring construction of a passageway between them. This construction was done with the advice and recommendation of two engineers, Wayne Ryan and Darin Liska, but no inspection of the work has been performed by the respondent Code Enforcement Officer. This construction is subject to 9 NYCRR part 651, regulations promulgated under the New York State Uniform Fire Prevention and Building Code Act (Executive Law art 18), particularly 9 NYCRR 651.2 relating to additions, alterations and repairs.
The respondent Code Enforcement Officer shall issue a building permit to the petitioner and shall inspect the construction for the purposes of granting or denying a certificate of occupancy pursuant to any applicable code, rule or regulation.