■ In the Matter of NICHOLAS J. SERIO, Respondent, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Appellants. [625 NYS2d 760] —Peters, J. Appeal from an order of the Supreme Court (Keegan, J.), entered May 31, 1994 in Albany County, which granted petitioner's application pursuant to CPLR 8601 for an award of counsel fees.

The relevant facts underlying this proceeding were fully reviewed by us in *Matter of Serio v New York State Dept. of Correctional Servs.* (200 AD2d 885), in which we annulled a determination of respondent Commissioner of Correctional Services suspending petitioner from his employment as Acting Superintendent of Ogdensburg Correctional Facility in St. Lawrence County. Petitioner instituted this application for counsel fees under the New York State Equal Access to Justice Act (CPLR art 86), which resulted in an award by Supreme Court in the amount of $35,334.60. Respondents appeal.

Pursuant to the Equal Access to Justice Act, "a court shall award to a prevailing party * * * fees and other expenses incurred by such party in any civil action brought against the state, unless the court finds that the position of the state was substantially justified or that special circumstances make an award unjust" (CPLR 8601 [a]). Since it is uncontested that petitioner was a prevailing party with respect to the aforementioned proceeding, the only issue is whether the court below erred in determining that respondents' position in the underlying CPLR article 78 proceeding was not "substantially justified".

The United States Supreme Court has interpreted the phrase " 'substantially justified' " as meaning "justified to a degree that could satisfy a reasonable person", or having a " 'reasonable basis both in law and fact' " *(Pierce v Underwood,* 487 US 552, 565; *accord, Matter of New York State Clinical Lab. Assn. v Kaladjian,* 85 NY2d 346, 356). Moreover, "[t]he determination of whether the State's position was substantially justified is committed to the sound discretion of the court of first instance and is reviewable as an exercise of

judicial discretion" (*Matter of Simpkins v Riley,* 193 AD2d 1009, 1010-1011; *accord, Matter of Centennial Restorations Co. v Abrams,* 202 AD2d 721, 722, *lv dismissed* 83 NY2d 952; *see, Matter of New York State Clinical Lab. Assn. v Kaladjian, supra*).

In light of the Hearing Officer's outright dismissal of all charges against petitioner except that alleging a lack of cooperation in an investigative action plan initiated by the Inspector General's office, and our subsequent review thereof, we affirm Supreme Court's determination that respondents' position in the underlying CPLR article 78 proceeding was not substantially justified. As we previously noted, "[r]espondents' theory that petitioner attempted to deliberately hinder the investigation * * * was based solely upon * * * surmise and has no support in the record" (*Matter of Serio v New York State Dept. of Correctional Servs., supra,* at 887). The instant case is by no means analogous to those cases where we have found that based upon the administrative record, " 'respondent's position was substantially justified even though it was not correct' " (*Matter of Scibilia v Regan,* 199 AD2d 736, 737, quoting *Bio-Tech Mills v Jorling,* 152 Misc 2d 619, 621).

Mercure, J. P., White, Casey and Spain, JJ., concur. Ordered that the order is affirmed, with costs.