■ In the Matter of MICHAEL RIVERS, Respondent, v ALLAN CORRON, as Code Enforcement Officer for the Town of Beek-

mantown, et al., Respondents, and STATE OF NEW YORK et al., Appellants. [635 NYS2d 722] —White, J. Appeal from a judgment of the Supreme Court (Ryan, Jr., J.), entered July 15, 1994 in Clinton County, which, in a proceeding pursuant to CPLR article 78, granted petitioner's application for fees and other expenses.

In 1990 petitioner moved two mobile homes onto his property in the Town of Beekmantown, Clinton County, which he joined to form a single dwelling. His subsequent application for a building permit was denied by respondent Town Code Enforcement Officer on the ground the dwelling did not meet the requirements of the State Uniform Fire Prevention and Building Code (9 NYCRR part 600). Petitioner appealed this determination to respondent Uniform Code Board of Review (hereinafter the Board) which affirmed, relying on the regulation defining "mobile homes" (9 NYCRR 606.3 [former (a) (129)]). Supreme Court annulled the Board's determination in a CPLR article 78 proceeding on the ground that the aforementioned regulation was improperly promulgated. Thereafter, it awarded petitioner $3,240 for counsel fees and other expenses pursuant to CPLR article 86. This appeal by the State and Board (hereinafter collectively referred to as respondents) ensued.

We reverse. Pursuant to CPLR 8601 (a), "a court shall award to a prevailing party * * * fees and other expenses incurred by such party in any civil action brought against the state, unless the court finds that the position of the state was substantially justified or that special circumstances make an award unjust". The issue to be determined in this case is whether respondents' position in the underlying CPLR article 78 proceeding was substantially justified. Even though respondents did not prevail in the underlying proceeding, their position can be deemed substantially justified if they can show that it had a reasonable basis, both in law and fact (see, Matter of New York State Clinical Lab. Assn. v Kaladjian, 85 NY2d 346, 356-357; Matter of Serio v New York State Dept. of Correctional Servs., 215 AD2d 835, 836). We also note that since CPLR article 86 is in derogation of common law, it should be strictly construed (see, Matter of Scibilia v Regan, 199 AD2d 736, 737).

Here, based upon our review of the record, we conclude that Supreme Court abused its discretion when it determined that respondents' position in the underlying proceeding was not substantially justified (see, Matter of Centennial Restorations Co. v Abrams, 202 AD2d 721, 722, lv dismissed 83 NY2d 952). Notably, respondents have shown that in reaching its determi-

nation the Board applied the seemingly unambiguous language of a previously unchallenged regulation, which it was bound to follow, that had been promulgated by an unrelated State agency (*see*, *Matter of Frick v Bahou*, 56 NY2d 777, 778; *Matter of Degnan v Constantine*, 189 AD2d 423, 424). Under these circumstances, we conclude that respondents' position had a reasonable basis and thus was substantially justified.

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and application denied. *[See,* 160 Misc 2d 968.]