[697 NYS2d 718]

In the Matter of HILTON PEREZ, JR., Respondent, v NEW YORK STATE DEPARTMENT OF LABOR et al., Appellants.

Third Department, November 4, 1999

APPEARANCES OF COUNSEL

*Eliot Spitzer, Attorney General,* Albany (*Lew A. Millenbach* of counsel), for appellants.

*Gleason, Dunn, Walsh & O'Shea,* Albany (*Mark T. Walsh* of counsel), for respondent.

### OPINION OF THE COURT

CREW III, J.

When the parties were last before us, we annulled a determination of respondent Commissioner of Labor which, *inter alia,* found petitioner guilty of certain charges of misconduct (*see,* 244 AD2d 844). As to remedy, we directed that petitioner be reinstated to his former position with respondent Department of Labor, together with back pay and benefits. Our decision in this regard stemmed from the fact that the record in the underlying CPLR article 78 proceeding was devoid of a written designation appointing the Hearing Officer who presided over petitioner's disciplinary hearing and, hence, respondents lacked subject matter jurisdiction (*see, id.*). Following such decision, petitioner applied to Supreme Court for counsel fees and expenses pursuant to CPLR 8601. By order entered June 30, 1998, Supreme Court granted petitioner's application in its entirety, prompting this appeal by respondents.

Respondents initially contend that the award of counsel fees constituted an abuse of discretion as their position in the underlying proceeding was "substantially justified" within the meaning of CPLR 8601 (a), which provides, in relevant part, as follows: "[A] court shall award to a prevailing party * * * fees and other expenses incurred by such party in any civil action brought against the state, unless the court finds that the position of the state was substantially justified or that special circumstances make an award unjust. Whether the position of the state was substantially justified shall be determined solely on the basis of the record before the agency or official whose

act, acts, or failure to act gave rise to the civil action". "[S]ubstantially justified", in turn, has been interpreted as meaning "justified to a degree that could satisfy a reasonable person [or having a] 'reasonable basis both in law and fact' " (*Pierce v Underwood*, 487 US 552, 565; *see, Matter of Sutherland v Glennon*, 256 AD2d 984, 985; *Matter of Rivers v Corron*, 222 AD2d 863, 864; *Matter of Scibilia v Regan*, 199 AD2d 736, 737). Whether the State's position in a particular matter indeed was substantially justified is a determination "committed to the sound discretion of the court of first instance and is reviewable as an exercise of judicial discretion" (*Matter of Simpkins v Riley*, 193 AD2d 1009, 1010-1011; *see, Matter of Serio v New York State Dept. of Correctional Servs.*, 215 AD2d 835, 835-836).

■ Respondents, although ultimately conceding that it was improper for the Commissioner to act in the dual capacity of witness and decisionmaker in the underlying disciplinary proceeding, nonetheless contend that their request to remit the matter for a de novo determination before another individual duly authorized to act in the Commissioner's stead was made in good faith and supported by the applicable case law (citing *Matter of Lowy v Carter*, 210 AD2d 408; *Matter of Hicks v Fortier*, 117 AD2d 930) and, therefore, may be deemed to have been substantially justified. As for this Court's decision to annul the determination made by the Commissioner, respondents argue that such decision was "not on the merits" but, rather, was based upon the absence of a written designation appointing the Hearing Officer—an omission from the record that respondents characterize as "a mere technicality". Respondents' arguments on this point, however, ignore the very basis for this Court's prior decision annulling the Commissioner's determination—namely, that respondents lacked subject matter jurisdiction over the underlying disciplinary proceeding. To the extent that respondents now assert that they have cured this fatal defect by allegedly locating the missing designation appointing the Hearing Officer, we need note only that no such designation was part of "the record before the agency or official whose act, acts, or failure to act gave rise to the civil action" (CPLR 8601 [a]) and, hence, cannot be considered by this Court in determining whether respondents' position was substantially justified (*see, e.g., Matter of Huggins v Coughlin*, 209 AD2d 770, 771).

Having concluded that Supreme Court did not abuse its discretion in making an award pursuant to CPLR article 86,

we turn to respondents' alternative assertion that the sum awarded was excessive. In this regard, we find no merit to the argument that the hourly rate awarded by Supreme Court was unreasonable. It is well settled that the hourly rate at which counsel is to be compensated is a matter committed to Supreme Court's sound discretion (*see generally*, *Matter of Rourke v New York State Dept. of Correctional Servs.*, 245 AD2d 870, 871) and, after reviewing the record and considering the relevant factors, we perceive no abuse of that discretion here. Respondents having raised no additional challenge to the fees sought relative to the underlying CPLR article 78 proceeding, the instant application pursuant to CPLR article 86 and/or the prior motion to reargue/renew, that portion of Supreme Court's award ($19,907.84) is affirmed. Respondents further contend, however, that CPLR article 86 does not authorize compensation for fees and expenses incurred in conjunction with administrative proceedings and, hence, the over-all sum awarded here ($29,182.84) must be decreased by the $9,275 attributable to petitioner's disciplinary hearing. To fully appreciate respondents' argument on this point, a brief review of the relevant statutory scheme is in order.

As noted previously, CPLR 8601 (a) provides for an award of "fees and other expenses" incurred by a prevailing party in "*any civil action* brought against the state" (emphasis supplied). An "action", in turn, is defined as "any civil action or proceeding brought to seek judicial review of an action of the state * * * including an appellate proceeding, but does not include an action brought in the court of claims" (CPLR 8602 [a]). Insofar as is relevant to this appeal, "[f]ees and other expenses" are defined as "reasonable attorney fees, including fees for work performed by law students or paralegals under the supervision of an attorney *incurred in connection with an administrative proceeding and judicial action*" (CPLR 8602 [b] [emphasis supplied]). Respondents, citing the purported inconsistency between the use of the term "civil action" in CPLR 8601 (a) and 8602 (b), assert that the foregoing provisions are ambiguous, thus mandating resort to the underlying legislative history. Petitioner, on the other hand, perceives no such ambiguity, arguing simply that CPLR 8602 (b) merely defines the permissible scope of the fees that may be recovered under CPLR 8601 (a) and is in no way inconsistent with such statutory provision.

We agree with petitioner. Although CPLR 8601 (a) provides for the recovery of fees and expenses in the context of

a civil action brought to review an action of the State (*see, id.*), neither CPLR 8601 (a) nor CPLR 8602 (a) limits the fees and expenses that may be recovered to those fees and expenses incurred in conjunction with bringing such civil action. The scope of the fees and expenses that may be recovered is delineated by CPLR 8602 (b), which clearly encompasses "reasonable attorney fees, including fees for work performed by law students or paralegals under the supervision of an attorney incurred in connection with an administrative proceeding and judicial action" (*id.*). Accordingly, we decline to disturb that portion of Supreme Court's order awarding petitioner $9,275, representing the sum attributable to the fees and expenses incurred in conjunction with petitioner's disciplinary hearing.

As a final matter, petitioner correctly asserts that he is entitled to the fees and expenses incurred in connection with this appeal (*see, Matter of Rourke v New York State Dept. of Correctional Servs.*, 245 AD2d 870, 872, *supra*), and this matter is remitted to Supreme Court for a hearing in this regard. Respondent's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

MUGGLIN, J. (dissenting). While I concur with most of the majority decision, I respectfully dissent from that portion of the majority's holding which construes the statutory scheme as authorizing counsel fees incurred in not only seeking judicial review of the administrative determination but counsel fees incurred in connection with the underlying administrative proceedings.

The statutory scheme is intended to allow the recovery of counsel fees and reasonable expenses a party has incurred in actions brought against the State similar to the provisions of Federal law contained in 28 USC § 2412 (d) and the significant body of case law under that statute (*see,* CPLR 8600, 8601 [a]). CPLR 8602 (a) defines the term "action" to mean any civil action or proceeding brought to seek judicial review of an action of the State. In CPLR 8602 (b), "[f]ees and other expenses" are defined as those incurred in connection with an administrative proceeding and judicial action. Thus, the statute authorizes the recovery of fees and other expenses incurred in the civil action against the State while defining "[f]ees and other expenses" to include fees incurred in "an administrative proceeding". The majority does not find any ambiguity in these provisions asserting that CPLR 8602 (b) merely defines the permissible

scope of the fees that may be recovered and is not inconsistent. Since administrative proceedings are not part of civil actions, I believe that these provisions are facially ambiguous, and the Court must therefore be guided by the legislative intent in interpreting the statute (*see, Ferres v City of New Rochelle*, 68 NY2d 446, 451).

In a letter dated October 4, 1989 to Evan Davis, counsel to then-Governor Cuomo, Assemblyman Robin Schimminger, sponsor of the legislation, expressly states that the intent of CPLR article 86 is to exclude the recovery of fees and expenses associated with "the administrative proceedings that may precede a judicial action" (Bill Jacket, L 1989, ch 770, § 1). This conclusion is further bolstered by the statement of the Senate sponsor, Senator John McHugh, that although he would have preferred that the Legislature authorize recovery of fees and expenses incurred in administrative proceedings prior to commencement of a judicial action, the letter of Assemblyman Schimminger accurately reflects the agreements reached regarding the effect of the legislation.

Since I am convinced that the expressed legislative intent does not encompass the recovery of counsel fees incurred as a result of the underlying proceedings, I would modify Supreme Court's decision to exclude that portion of the counsel fees ($9,275) attributable to the administrative hearings. Further, this interpretation comports with the Federal case law construing 28 USC § 2412 (d) (*see, Berman v Schweiker*, 713 F2d 1290, 1295; *Minor v Bowen*, 644 F Supp 1116, 1118).

Ordered that the order is modified, on the law, without costs, by remitting the matter to the Supreme Court for further proceedings not inconsistent with this Court's decision, and, as so modified, affirmed.

CARDONA, P. J., SPAIN and GRAFFEO, JJ., concur with CREW III, J.; MUGGLIN, J., dissents in a separate opinion.