■ In the Matter of JOHN C. SCOTT, Appellant, v CHERYL F. COLEMAN, as Albany City Court Judge, Respondent. [798 NYS2d 547]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Benza, J.), entered January 15, 2004 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed petitioner's application for an award of counsel fees.

Petitioner was adjudicated to be in criminal contempt during a bench trial before respondent, an Albany City Court Judge. Following payment of a $250 fine, petitioner commenced this CPLR article 78 proceeding seeking to expunge the contempt finding and obtain return of the fine. Supreme Court granted the relief requested because respondent failed to reduce the contempt order to writing as required by Judiciary Law § 755. Thereafter, petitioner moved pursuant to CPLR article 86 for counsel fees and other expenses. Respondent's cross motion for discovery and a stay pending completion of discovery was partially granted by Supreme Court on July 28, 2003. On January 7, 2004, Supreme Court denied petitioner's motion, finding that the contempt adjudication was "reasonable inasmuch as such action was intended to restore dignity and decorum to the courtroom" and that, in view of petitioner's financial circumstances and lack of explanation as to certain incurred expenses, an award under CPLR article 86 would be unjust. Petitioner appeals.

The purpose of the New York State Equal Access to Justice Act (see CPLR art 86) is to assist economically disadvantaged litigants in obtaining legal assistance in the prosecution of actions seeking to obtain redress from wrongful actions of the state (see Matter of Wittlinger v Wing, 99 NY2d 425, 431 [2003]). The statute mandates an award of fees and other expenses to a prevailing party in any civil action brought against the state, unless the position of the state was determined to be substantially justified or that special circumstances render an award unjust (see CPLR 8601 [a]).

First, we agree with petitioner that he prevailed in the CPLR article 78 proceeding by obtaining expungement of the order of contempt and return of his fine (*see generally Matter of New York State Clinical Lab. Assn. v Kaladjian*, 85 NY2d 346 [1995]). Thus, he "has 'succeeded on [a] significant issue in ligation which achieve[s] some of the benefit the parties sought in bringing suit,' such that the party is able to 'point to a resolution of the dispute which changes the legal relationship between itself and the [adversary]' " (*Kerin v United States Postal Serv.*, 218 F3d 185, 189 n 1 [2000], quoting *Texas State Teachers Assn. v Garland Independent School Dist.*, 489 US 782, 791-792 [1989]).

We, therefore, next examine whether the state's position was substantially justified. On this issue, petitioner asserts that opposition to the CPLR article 78 proceeding cannot be substantially justified because there was a clear violation of Judiciary Law § 755, entitling him to relief. Petitioner's argument overlooks the mandate of CPLR 8601 (a) which, in pertinent part, provides: "Whether the position of the state was substantially justified shall be determined solely on the basis of the record before the agency or official whose act, acts, or failure to act gave rise to the civil action." Thus, the dispositive issue is whether respondent was substantially justified in holding petitioner in criminal contempt. Absent an abuse of discretion, Supreme Court's determination that respondent was so justified is entitled to deference (*see Matter of Wittlinger v Wing, supra* at 432; *Matter of New York State Clinical Lab. Assn. v Kaladjian, supra* at 356). Upon review of Supreme Court's decision, which contains a lengthy description of petitioner's dispute with respondent in City Court and his repeated interruptions, we do not find that any abuse of discretion occurred in Supreme Court's determination that contempt was necessary to restore dignity and decorum to the courtroom.

Lastly, although we have grave reservations concerning whether petitioner met his initial burden of demonstrating that he is a party entitled to relief because his net worth does not exceed $50,000 (*see* CPLR 8602 [d] [i]), we do not address this issue because of our holding that substantial justification for the state's position is present in this case.

Spain, J.P., Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.