In the Matter of DIANE WALKER et al., Appellants, v ANTONIA C. NOVELLO, as Commissioner of Health, Respondent. [828 NYS2d 656]—

Lahtinen, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered July 15, 2005 in Albany County, which denied petitioner's application pursuant to CPLR article 86 for an award of counsel fees.

Petitioner Diane Walker was the administrator of an adult care facility, petitioner Brooklyn Manor Home for Adults. In July 2004, respondent issued an inspection report detailing numerous purported problems at the facility, including many deficiencies allegedly attributable to poor administration. Among the corrective actions set forth by respondent was the replacement of Walker with a new administrator approved by respondent (*see* 18 NYCRR 487.9 [c]). Respondent also notified the facility's operator, Benito Fernandez, that the operating certificate for the facility would not be renewed. In September 2004, Fernandez requested, on behalf of Brooklyn Manor Home, a hearing on the nonrenewal determination. Shortly thereafter, Walker, represented by the same attorneys as Brooklyn Manor Home, demanded an immediate hearing regarding the directive that she be removed. Respondent issued a notice of hearing regarding nonrenewal to the facility in late September 2004, but informed Walker that it would not hold an immediate hearing on her status since, among other reasons, it planned to focus first on the nonrenewal hearing.

By order to show cause returnable in October 2004, petitioners commenced a proceeding to require respondent to hold a hearing regarding Walker. Before the return date, respondent, while not changing the order in which it planned to address the issues, agreed to serve Walker with a notice of hearing and statement of charges, thus commencing the hearing process as to her. At the same time, respondent agreed to "stay any action to require Mr. Fernandez to comply with the July 28, 2004 corrective action steps involving the removal of Ms. Walker as administrator until after a hearing decision is issued or other final resolution is reached in the hearing against Ms. Walker." The parties subsequently signed a stipulation acknowledging that the relief sought in the petition was "moot," and adding that the "withdrawal and discontinuance of this proceeding . . . shall not prejudice petitioners from bringing a motion for attorneys fees pursuant to [a]rticle 86 of the CPLR . . . and shall not prejudice respondent from opposing such motion." Thereafter, petitioners made an application pursuant to the State Equal Access to Justice Act (hereinafter EAJA; *see* CPLR art 86) for nearly $16,000 in counsel fees on behalf of Walker. Supreme Court denied the motion and petitioners appeal.

The EAJA permits "reasonable attorneys' fees to a 'prevailing party' in a suit against the State, unless the position of the State was 'substantially justified or . . . special circumstances make an award unjust' " (*Matter of Wittlinger v Wing*, 99 NY2d 425, 429 [2003], quoting CPLR 8601 [a]; *see Matter of New York*

*State Clinical Lab. Assn. v Kaladjian,* 85 NY2d 346, 352 [1995]). The failure to establish any one of the required elements precludes the award of counsel fees (*see Matter of New York State Clinical Lab. Assn. v Kaladjian, supra* at 351-352). We consider first whether the position of respondent was "substantially justified," a term not defined in the statute, but which has been interpreted "as meaning 'justified to a degree that could satisfy a reasonable person', or having a ' "reasonable basis both in law and fact" ' " (*id.* at 356, quoting *Pierce v Underwood,* 487 US 552, 565 [1988]). Here, Brooklyn Manor Home and Walker had, at a minimum, significantly overlapping interests. Indeed, they were both represented by the same law firm. Petitioners have failed to show that, under the circumstances presented, it was not reasonable for respondent to initially proceed with a hearing as to the nonrenewal issue; the result of which could render moot any issue regarding Walker. Respondent's position was substantially justified and, accordingly, the remaining issues are academic.

Cardona, P.J., Mercure, Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.