◼ In the Matter of IRA SMITH, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. (Proceeding No. 1.) In the Matter of EDWARD O'BRIEN, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. (Proceeding No. 2.) [855 NYS2d 921]—

Cardona, P.J. Appeals (1) from a judgment of the Supreme Court (Teresi, J.), entered May 16, 2007 in Albany County, which dismissed petitioner's application, in proceeding No. 1 pursuant to CPLR article 78, to review a determination of respondent imposing a period of postrelease supervision on petitioner, and (2) from a judgment of said court (McNamara, J.), entered September 6, 2007 in Albany County, which dismissed petition-

er's application, in proceeding No. 2 pursuant to CPLR article 78, to review a determination of respondent imposing a period of postrelease supervision on petitioner.

Upon his plea of guilty, petitioner Edward O'Brien was convicted of the crime of attempted murder in the second degree and was sentenced to, among other things, a term of imprisonment of eight years. Petitioner Ira Smith was convicted upon his plea of guilty of the crimes of assault in the first degree and gang assault in the second degree and was sentenced to, among other things, concurrent terms of imprisonment of five years. In each case, no period of postrelease supervision was imposed by the trial court. When calculating petitioners' sentences after their entry into the prison system, the Department of Correctional Services included a five-year period of postrelease supervision for each person. Following unsuccessful attempts to have the postrelease supervision components of their calculated sentences excised, petitioners commenced these proceedings to annul respondent's determinations that added the postrelease supervision component to their sentences and sought counsel fees pursuant to the New York State Equal Access to Justice Act (see CPLR art 86). Both proceedings were dismissed. Petitioners appeal, and we have consolidated the proceedings.

In light of our recent decisions in Matter of Quinones v New York State Dept. of Correctional Servs. (46 AD3d 1268 [2007]) and Matter of Dreher v Goord (46 AD3d 1261 [2007]), we modify the judgments by granting those portions of both petitions seeking to annul respondent's determinations to add the five-year period of postrelease supervision to each petitioner's sentence. Turning to petitioners' requests for counsel fees, however, we find that respondent's position was substantially justified in both instances and, therefore, we affirm Supreme Court's dispositions of those portions of petitioners' applications (see CPLR 8601; Matter of New York State Clinical Lab. Assn. v Kaladjian, 85 NY2d 346, 356-357 [1995]; Matter of Rivers v Corron, 222 AD2d 863, 864-865 [1995]).

Inasmuch as the foregoing has rendered petitioners' remaining contentions academic, we do not reach them here.

Carpinello, Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgments are modified, on the law, without costs, by reversing so much thereof as dismissed the causes of action seeking to annul respondent's determinations adding a five-year period of postrelease supervision to petitioners' sentences; petitions granted to that extent; and, as so modified, affirmed. [See 2007 NY Slip Op 30794(U).]