◼ In the Matter of 27 NORTH STREET, LLC, Appellant, v VILLAGE OF MONTICELLO et al., Respondents. [875 NYS2d 630]—

Lahtinen, J. Appeals (1) from a judgment of the Supreme Court (Sackett, J.), entered January 29, 2008 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents finding that petitioner's building was unsafe, and (2) from an order of said court, entered May 28, 2008 in Sullivan County, which denied petitioner's motion for reconsideration.

Petitioner argues that respondents failed to follow procedures required by the Village of Monticello Code and violated due process when finding its apartment building unsafe and directing tenants to vacate the building. The apartment building had ostensibly been converted from six or less residences to 17 residences without obtaining building permits and allegedly contained many serious fire and safety violations. Following a small fire at the premises on June 5, 2007, respondent Sue Flora, the village code enforcement official, inspected the building (accompanied by one of the corporate owners of petitioner) and found numerous violations of, among other things, the New York State Uniform Fire Protection Code (hereinafter UFPC). She determined that the building was unsafe under the terms set forth in the New York State Property Maintenance Code (hereinafter PMC) and, on June 6, 2007, she placarded the building with violation notices that required tenants to vacate the building.

On June 8, 2007, petitioner commenced this proceeding via an order to show cause and petition alleging that respondents had failed to follow the notice and hearing requirements of chapter 119 of the Village of Monticello Code prior to finding the building unsafe. The order to show cause temporarily stayed enforcement by respondents of the notice to vacate and scheduled a hearing for June 11, 2007. Before and at the hearing, petitioner was provided with a detailed, multipage explanation of the alleged violations. At the end of the hearing, petitioner withdrew its request for a stay of enforcement during the pendency of the proceeding. Supreme Court eventually dismissed the petition. A subsequent motion, denoted as one for reargument, was treated as a motion to renew and denied. Petitioner appeals.

We are unpersuaded by petitioner's argument that respondents failed to follow the procedures provided in the Village of Monticello Code. Executive Law § 381 (2) requires local governments to administer and enforce the UFPC, which incorporates the PMC (see 19 NYCRR 1219.1);* and the PMC contemplates that, in certain exigent situations where an unsafe structure is found to be dangerous to the safety of its occupants, the code enforcement officer can placard the structure prior to a hearing and direct that no person occupy the premises. The relevant portions of the Village of Monticello Code, upon which petitioner relies, set forth predeprivation procedures where the village is considering ordering an owner to repair a structure to make it safe and, if safe repair is not accomplished, to authorize removal or demolition of the structure. Here, the emergency action taken by Flora involved keeping individuals out of a building, purportedly for their safety. She did not issue a directive requiring petitioner to undertake the making of specific repairs to its apartment building. Under such circumstances, we agree with Supreme Court that her actions were not in violation of the Village of Monticello Code.

Petitioner has not otherwise established a due process violation. The record reveals that petitioner had available and availed itself of a meaningful and expeditious remedy to challenge respondents' action via the order to show cause and CPLR article 78 proceeding (see Hughes Vil. Rest., Inc. v Village of Castleton-on-Hudson, 46 AD3d 1044, 1046-1047 [2007]; Sultan v City of New York, 2000 WL 963335, 2000 US Dist LEXIS 11954 [SD NY, July 12, 2000, Kaplan, J.]; see also Matter of Mendez v Dinkins, 226 AD2d 219, 223 [1996]).

Supreme Court did not abuse its discretion in denying petitioner's motion for reconsideration, which it correctly treated as a motion to renew. Petitioner failed to show a reasonable justification for failing to raise the additional facts while the proceeding was pending (see Kahn v Levy, 52 AD3d 928, 929 [2008]).

The remaining arguments have been considered and are unavailing.

Peters, J.P., Kavanagh and Stein, JJ., concur. Ordered that the judgment and order are affirmed, without costs.

---

* The PMC (relevant portions of which were set forth in the record) is available as provided in 19 NYCRR 1226.1, as well as from links at the Web site of the Department of State (see Department of State, Division of Code Enforcement and Administration, http://www.dos.state.ny/codes/ls-codes.html [accessed Jan. 8, 2008]).